NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3229

E. RICHARD SCHULTE,

Petitioner,

v.

DEPARTMENT OF THE AIR FORCE,

Respondent.

E. Richard Schulte, of Colorado Springs, Colorado, pro se.

Allison Kidd-Miller, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC for respondent. With her on the brief were Peter D. Keisler, Acting Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director. Of counsel on the brief was James E. Key, III, Deputy Chief, Labor Law Field Support Center, Air Force Legal Operations Agency, United States Department of the Air Force, of Arlington, Virginia.

Appealed from: United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3229

E. RICHARD SCHULTE,

Petitioner,

v.

DEPARTMENT OF THE AIR FORCE,

Respondent.

---

DECIDED: November 7, 2007

---

Before NEWMAN, SCHALL, and LINN, <u>Circuit Judges</u>.

PER CURIAM.

### DECISION

E. Richard Schulte petitions for review of the final decision of the Merit Systems Protection Board ("Board") that sustained the action of Mr. Schulte's employer, the Department of the Air Force ("Air Force"), indefinitely suspending him from his position pending an investigation relating to his security clearance. <u>Schulte v. Dep't of the Air Force</u>, DE-0752-03-0403-I-4 (M.S.P.B. Apr. 9, 2007) ("<u>Final Decision</u>"). We <u>affirm</u>.

DISCUSSION

I.

Prior to his indefinite suspension, Mr. Schulte worked as a Communications-Computer Systems Specialist in the 4th Space Operations Squadron at Schriever Air Force Base in El Paso County, Colorado. In order to hold this position, Mr. Schulte was required to have a Top Secret Security Clearance.

On September 23, 2002, the Air Force informed Mr. Schulte that it had commenced an investigation concerning alleged misconduct on his part. As a consequence of this investigation, the Air Force also commenced an investigation concerning Mr. Schulte's security clearance. On January 15, 2003, the Air Force informed Mr. Schulte that it proposed to suspend him without pay indefinitely pending the investigation relating to his security clearance.

Mr. Schulte was given in excess of sixty days in which to respond to his proposed suspension. During this period, Mr. Schulte requested additional information, which it appears the Air Force provided. Finally, on June 19, 2003, the Air Force issued a decision letter that placed Mr. Schulte on indefinite suspension commencing on June 26, 2003.

After the issuance of the decision letter, Mr. Schulte appealed his suspension to the Board three times, which each time dismissed the case without prejudice so as to permit completion of the security clearance investigation. Eventually, on October 17, 2006, the administrative judge ("AJ") to whom the appeal was assigned issued an initial decision upholding Mr. Schulte's indefinite suspension. Schulte v. Dep't of the Air Force, DE-0752-03-0403-I-4 (M.S.P.B. Oct 17, 2006) ("Initial Decision"). The AJ

2007-3229                          2

determined that the Air Force had properly justified the decision to suspend Mr. Schulte pending the adjudication of his security clearance. Id. at 5. Citing Jones v. Department of the Navy, 48 M.S.P.R. 680 (1991), for the proposition that an agency may indefinitely suspend an employee while investigating a security clearance if the agency believes that retention of the employee would compromise governmental interests, id. at 689–90, the AJ found that the Air Force had ample reason to suspend Mr. Schulte and that he was given sufficient opportunity to respond to the proposed suspension. Initial Decision at 2. The initial decision became the final decision of the Board on April 9, 2007, when the Board denied Mr. Schulte's petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115(d). Final Decision. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law"; "obtained without procedures required by law, rule, or regulation having been followed"; or "unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); see Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed.Cir. 1998).

In a case involving an adverse personnel action based upon the suspension of a security clearance, our review is limited to determining (i) whether a security clearance was a requirement of the appellant's position; (ii) whether, if it was, the security clearance was suspended or denied; and (iii) whether the procedures set forth in 5 U.S.C. § 7513 were followed. Hesse v. Dep't of State, 217 F.3d 1372, 1376 (Fed. Cir.

2000). In addition, we may not review the underlying merits of the security clearance determination. Dep't of the Navy v. Egan, 484 U.S. 518, 530 (1988); Hesse, 217 F.3d at 1376.

III.

On appeal, Mr. Schulte contends that the Board improperly failed to consider his status as a whistleblower, wrongly failed to consider the Colorado Uniform Commercial Code, and incorrectly applied 5 U.S.C. § 7513. He also contends that the Board erred in its fact finding. We address these contentions in turn.

With respect to whistleblowing, Mr. Schulte essentially argues that the Air Force improperly revoked his security clearance in retaliation for protected activity. The short answer to this argument is that we rejected a similar claim in Hesse, where we stated that neither we nor the Board is authorized to review an employee's claims that he or she has been denied a security clearance in retaliation for whistleblowing. 217 F.3d at 1380. We thus reject Mr. Schulte's argument.

We also reject Mr. Schulte's Colorado Uniform Commercial Code argument. The Uniform Commercial Code is irrelevant to the case at hand, wherein our scope of review is limited to determining whether a security clearance was suspended and whether the procedural requirements of 5 U.S.C. § 7513 were met. See id.

As far as the requirements of 5 U.S.C. § 7513 are concerned, Mr. Schulte has failed to establish how the requirements of the statute were not met. Mr. Schulte was given roughly five months advance notice of his suspension, over sixty days in which to respond to the proposed action, the opportunity to retain counsel if he wished, and an adequate description of the nature of the charges against him.

2007-3229                                    4

Finally, turning to the Board's findings of fact, Mr. Schulte contends that the Board failed to find that his "employment contract" did not refer to the Egan decision, which he ostensibly believes was necessary in order to apprise him of the standard of review applicable to indefinite suspensions. He also contends that the Board wrongfully ignored evidence establishing his status as a whistleblower. In addition, he faults the Board for failure to consider that the Air Force had not completed its security clearance investigation at the time of the AJ's initial decision. And lastly, he urges that the Board erred in its failure to consider his lack of gainful employment during his indefinite suspension pending the adjudication of his security clearance. None of these contentions has merit.

First, with respect to the alleged failure of Mr. Schulte's "employment contract" to mention Egan, there simply is no law that requires an agency, prior to hiring, to provide an employee with a statement of all of the case law that may become relevant during an adverse action.

Secondly, as far as the Board's failure to adjudicate Mr. Schulte's whistleblower status is concerned, we already have noted that, under Hesse, the Board was not authorized to consider any whistleblowing activity on Mr. Schulte's part.

Mr. Schulte's third argument appears to contest the propriety of an indefinite suspension pending the adjudication of a security clearance. However, as we noted in Jones v. Department of the Navy, 978 F.2d 1223 (Fed. Cir. 1992), an indefinite suspension is justifiable so long as the length thereof is necessary to enable full investigation with respect to the revocation of the security clearance, id. at 1227.

Finally, Mr. Schulte cites no legal authority for the proposition that the Board was required to consider his lack of income during the period of his suspension, and we know of no such authority.

We have considered Mr. Schulte's other arguments and have found them to be without merit.

For the foregoing reasons, the final decision of the Board is affirmed.

No costs.